Vermont Superior Court
Filed 04/01/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 476-8-19 Wncv

| Lane vs. Vermont Mutual Insurance |
|---|

# ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment Motion for Partial Summary Judgment. (Motion: 6)
Filer:          Patrick Biggam
Filed Date:  December 03, 2020

The motion is GRANTED.

Plaintiff–insured Hannah Lane brought this action against her auto insurer, Defendant Vermont Mutual Insurance Co., after Vermont Mutual denied her claim under the hit-and-run provision of her uninsured motorist (UM) coverage.  The parties have filed cross-motions for summary judgment on the issue of liability only.  Ms. Lane is represented by Attorney Patrick Biggam; Vermont Mutual is represented by Attorney Susan Flynn.  The material facts—all relating to the collision and surrounding circumstances—are undisputed.  Based on those facts, Ms. Lane's motion is granted, and Vermont Mutual's is denied.

The facts are as follows.  On January 7, 2019, Ms. Lane was the operator of her vehicle and was stopped at the intersection of Elm and Spring Streets in Montpelier as a pedestrian was in the crosswalk.  While stopped, another vehicle struck hers from behind.  Ms. Lane's head went forward and back, hitting the headrest forcibly.  Immediately following the impact, both Ms. Lane and the other driver exited their cars.  There was no visible damage to Ms. Lane's car.  The other driver said something to the effect that there was no damage, and he went back to his car and drove away.  Ms. Lane did not get the driver's name, plate number, or other identifying information.  She does not recall speaking to the other driver, what he looked like, or what kind of car he was driving.  She does recall feeling confused during the episode.

Ms. Lane proceeded to work, but once there, others noticed that she did not seem to be acting normally and suggested she seek medical attention.  She did and was diagnosed with a concussion, which has been related back to the motor vehicle collision.  For that and related injuries, and unable to identify the negligent driver, she sought uninsured motorist coverage from Vermont Mutual, which denied the claim.  Vermont Mutual takes the position that Ms. Lane "could have" identified the driver at the time of the collision, she failed to do so, and thus

the hit-and-run clause (the only arguably applicable coverage) of the UM provision does not apply.

Vermont law requires coverage in auto policies for liabilities arising out of hit-and-run vehicles. 23 V.S.A. § 941(a). The policy at issue in this case defines uninsured motor vehicle to include, in pertinent part, one "which is a hit-and-run vehicle whose operator or owner cannot be identified." Policy Part C(c)(3). Neither § 941 nor the policy further defines "hit-and-run vehicle." The question is whether the negligent driver in this case, who did not flee the scene but nevertheless cannot now be identified, qualifies as "hit-and-run." Both parties have provided the court with thoughtful briefs on the issue.

This is a contractual dispute between an insured and insurer. It is for the parties first, and then the court, to determine the meaning of contract terms. Where terms are ambiguous, the policy is construed in favor of coverage.

We have held time and again that, although we "will not deprive the insurer of unambiguous terms placed in the contract for its benefit," if policy language is ambiguous, "we construe the language in favor of coverage."

This maxim of construction is consistent with and reinforces important legislative policies. The purpose of Vermont's compulsory automobile liability insurance law, 23 V.S.A. §§ 800–810, is to protect the public and ensure that liability arising from motor vehicle accidents will be covered.

*State Farm Mut. Auto. Ins. Co. v. Colby*, 2013 VT 80, ¶¶ 19–20, 194 Vt. 532.

A classic, narrow definition of a hit-and-run driver is one who immediately flees the scene. Nothing in 23 V.S.A. § 941 suggests such a limited requirement, however. Section 941 is entitled, "Insurance against uninsured, underinsured, or unknown motorists." In all three instances, the statute requires coverage that otherwise would not be available from the tortfeasor. While the body of the statute uses the expression hit-and-run rather than simply "unknown," the court believes the statute uses the terms synonymously to apply to cases where the tortfeasor cannot reasonably be identified. Vermont law requires drivers to stop following crashes causing damage or injury and, among other things, "give his or her name, residence, license number, and the name of the owner of the motor vehicle" to any person harmed. 23 V.S.A. § 1128(a).

In this case, as far as the evidence goes, the other driver had no reason to think that Ms. Lane's car was damaged or Ms. Lane was injured. That driver left without volunteering identifying information. Ms. Lane in fact had a concussion, was confused, and apparently was unaware that she was injured. She did not affirmatively try at the scene to get information identifying the other driver.

Ms. Lane does not argue an insured has no duty to attempt to get information identifying a tortfeasor before the tortfeasor leaves the scene. She merely argues that in this case her failure to have done so was reasonable due to her brain injury and simultaneous lack of awareness of any such injury. Vermont Mutual, on the other hand, argues that because the other driver remained on the scene long enough to reasonably have been identified, there can be no hit-and-run coverage because he was not (no exceptions).

Ms. Lane cites the Appleman on Insurance treatise for the proposition that only reasonable efforts by insureds to identify the tortfeasor are required, and that circumstances may excuse the lack of inquiry, such as where there was no apparent damage or injury. Other treatises are to the same effect:

> To conform with the policy definition it is necessary that the identity of either the owner or operator of the hit and run automobile "cannot be ascertained." However, it has been held that such coverage is inapplicable unless both an owner and operator are unknown.

> Inability to identify may occur for reasons other than the flight of the tortfeasor from the scene of the accident. *An omission to obtain identification because of a justifiable fear of violence or a reasonable belief that no injuries or property damage occurred will excuse the failure.*

2 Auto. Liability Ins. 4th § 24:12 (emphasis added; footnotes omitted). To be sure, there are cases which hold the other way. However, they generally don't seem to account for the set of circumstances presented here, a concussed and confused insured and a tortfeasor who briefly stops sees no damage then leaves. Nothing in the policy requires Ms. Lane to forfeit coverage under these circumstances.

Order

Ms. Lane's motion for summary judgment is granted, and Vermont Mutual's is denied.

Robert R. Bent,
Judge